**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

**LETTER-OPINION AND ORDER**

December 15, 2005

Michael Robinson
31395
Passaic County Jail
11 Marshall St.
Paterson, NJ 07501

William T. Connell, Esq.
Dwyer, Connell & Lisbona
100 Passaic Ave.
P.O. Box 629
Fairfield, NJ 07004

Frank N. Yurasko, Esq.
139 West End Ave.
P.O. Box 1041
Somerville, NJ 08876

      Re:    **Michael Robinson v. Shop-Rite Supermarkets, et. al.**
              **04-cv-3439 (JLL)**

Dear Litigants:

     Presently before this Court are cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) by Defendants Shop-Rite Supermarkets (hereinafter "Shop-Rite") and the City of Passaic[1] (hereinafter "the City"). The Court has considered the submissions in

---

[1] The City of Passaic encompasses the Passaic Police Department; therefore, for purposes of its motion, the Court's judgment as to the City of Passaic shall also be binding as to the

-1-

support of and in opposition to this motion. This motion is resolved without oral argument. See Fed. R. Civ. P. 78. For the reasons set forth below, both Shop-Rite's and the City of Passaic's motions are GRANTED.

## FACTUAL AND PROCEDURAL HISTORY

Rule 56.1 of the Local Rules of Civil Procedure provides that "[o]n motions for summary judgment, each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." The parties should note that the Court has not, as of this date, received the required statements of disputed/undisputed facts. Although this Court could deny summary judgment on this ground alone, Comose v. N.J. Transit Rail Operations, Inc., 2000 U.S. Dist. LEXIS 20790 (D.N.J. Oct. 6, 2000), in the interests of justice, the Court will address the merits of Defendants' motions.[2]

On June 14, 2004, Police Officer Alex Castellon (hereinafter "Officer Castellon" or "the Officer") of the Passaic Police Department was at the Shop-Rite Supermarket on 503 Paulison Avenue in Passaic, New Jersey when he was called by the Shop-Rite loss prevention office with regards to a male, later identified as Plaintiff Michael Robinson (hereinafter "Robinson" or "Plaintiff"), who was attempting to purchase cigarettes with a Chase Platinum MasterCard. Robinson (who identified himself as George Hopkins) was advised that he needed to provide a picture identification in order to pay for cigarettes with a credit card. (Defendant Shop-Rite's Exhibit C, Officer Castellon's Police Report). The Plaintiff proceeded to inform Officer Castellon that he had shopped at the same Shop-Rite earlier that morning and was not required to provide picture identification. (Id.) In lieu of a picture identification card, Robinson

---

Passaic Police Department. The Court acknowledges the Passaic County Sheriff's Department's request to join in Shop-Rite's and the City of Passaic's summary judgment motions. Nevertheless, the Court fails to see how Plaintiff's Fourth Amendment Claims against the City and Officer Castellon relate to Plaintiff's Fifth, Eighth and Fourteenth Amendment claims against the Passaic County Sheriff's Department stemming from his detention in the Passaic County Jail. The Passaic County Sheriff may move for summary judgment; however, it must submit the appropriate papers and give Plaintiff an opportunity to respond to any motion. Accordingly, this Court's ruling shall only apply as to Shop-Rite Supermarkets, the City of Passaic, and the Passaic Police Department.

[2] As the parties have failed to submit statements of disputed/undisputed facts, the Court will extract from the record those facts which are relevant to the Court's analysis in the matter sub judice.

furnished four credit cards[3] (two of which were issued by Chase), all bearing the name "George Hopkins." Officer Castellon subsequently informed Robinson that all four credit cards had been declined. (Id.)

The Officer then called Chase to inquire about the two Chase-issued credit cards Robinson had provided him. (Id.) At this time, a Chase representative informed him that both of these credit cards were reported stolen. (Id.) Acting upon this information, Officer Castellon placed Robinson under arrest at the scene, and a marked police vehicle transported Robinson to Passaic Police headquarters. (Id.) Upon arrival at headquarters, Officer Castellon advised the Detective Bureau of the incident with Robinson. (Id.) He then spoke with a Judge, who found probable cause and ordered that a warrant be issued for Robinson and that he be charged with NJSA 2C:21-6. (Id.) While still at headquarters, Officer Castellon received a phone call from a representative of the American Express Fraud Division. (Id.) The American Express representative informed him that George Hopkins' automobile had been burglarized and the American Express Business Platinum Card Plaintiff had attempted to use was among the stolen items. (Id.)

On August 18, 2004, Plaintiff, pursuant to 42 U.S.C. § 1983, filed the within Complaint against the City of Passaic, the Municipal Court of Passaic, the Passaic Police Department, the Passaic County Sheriff, Shop-Rite Supermarkets and the Paterson Police Department. For purposes of this motion, the Court will only refer to Defendants Shop-Rite and the City of Passaic. In his Complaint, Plaintiff alleges, inter alia, violations of his Fourth, Fifth, Eighth and Fourteenth Amendment rights.[4]

The City of Passaic and Shop-Rite presently move for summary judgment pursuant to Fed. R. Civ. P. 56(c).

## LEGAL DISCUSSION

**A.     Legal Standard**

Rule 56(c) provides for summary judgment when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c). Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Orson, Inc. v. Mirimax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). Once

---

[3] Chase Platinum MasterCard; Chase Business MasterCard; American Express Business Platinum Card; and Advantage Citi Business MasterCard.

[4] The only claims that are applicable to Defendants Shop-Rite and the City of Passaic are the claims for violations of Plaintiff's Fourth Amendment rights.

the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985), cert. denied, 475 U.S. 1013 (1986). In considering a motion for summary judgment, all evidence submitted must be viewed in a light most favorable to the party opposing the motion. Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995); Colgan v. Fisher Scientific Co., 935 F.2d 1407, 1413 (3d Cir.), cert. denied, 502 U.S. 941 (1991).

The party opposing the motion for summary judgment cannot rest on mere allegations and must instead present actual evidence that creates a genuine issue as to a material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995); Sound Ship Bldg. Corp. v. Bethlehem Steel Co., 533 F.2d 96, 99 (3d Cir.), cert. denied, 429 U.S. 860 (1976). However, a mere "scintilla" of evidence in favor of the non-movant is insufficient to withstand a summary judgment motion. Liberty Lobby, 477 U.S. at 252. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Id. at 255. The inquiry is whether there is enough evidence so that under the governing evidentiary standard, a reasonable juror would be able to find for either the plaintiff or the defendant. Id.

The Court's present task is to determine whether genuine issues of material fact exist and whether pursuant to the standards set forth above, Defendants are entitled to judgment as a matter of law.

B.     **The City of Passaic's Motion for Summary Judgment**

Plaintiff makes a claim under 42 U.S.C. § 1983 against the City of Passaic and the Passaic Police Department, for violations of his Fourth Amendment right to be free from unreasonable searches and seizures. Specifically, Plaintiff claims that Officer Castellon violated his Fourth Amendment rights by stopping, searching and detaining him without probable cause. He also claims that Officer Castellon arbitrarily and capriciously took away the credit cards in question, in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. In its moving brief, the City of Passaic argues that Plaintiff's Fourth Amendment claims must be dismissed in their entirety. They support this contention by arguing that Plaintiff's rights were not violated and that, in any event, Officer Castellon would be entitled to qualified immunity. They further contend that even if this Court finds that Officer Castellon is not entitled to qualified immunity, the City is not responsible for his actions under the doctrine of municipal immunity.

Plaintiff is pro se; therefore, the Court will construe his opposition brief and his pleadings liberally. See Lines v. Wargo, 271 F. Supp.2d 649, 669-70 (W.D.Pa. 2003) ("Pro se pleadings,

'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers'... .) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Notwithstanding the fact that Plaintiff is pro se, his opposition brief fails to address any of Defendants' summary judgment arguments. Plaintiff's brief focuses on miscellaneous discovery issues, Plaintiff's request to submit "newly learned information," and the admissibility of the police report attached to the City's motion. (Plaintiff's Opposition Brief, pp. 2-3). This Court has carefully considered the arguments in Plaintiff's brief, yet it determines that the arguments raised therein are irrelevant to the within motions.

There are certain requirements for establishing a constitutional claim under 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 does not create substantive rights; but rather, "provides remedies for deprivations of rights established elsewhere in the Constitution or federal laws." Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). A section 1983 claim has two essential elements: (1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Given that the City and the Plaintiff do not dispute the first factor, the Court will focus on whether Officer Castellon's actions deprived Plaintiff of a constitutional right that is actionable under Section 1983.

**I.     Probable cause for arrest**

Plaintiff claims that his arrest on June 14, 2004 violated his rights guaranteed by the Fourth Amendment. The Fourth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, provides in relevant part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend IV. The Fourth Amendment "prohibits a police officer from arresting a citizen except upon probable cause." Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995) (citing Papachristou v. City of Jacksonville, 405 U.S. 156, 169 (1972)).

In § 1983 actions, the question of probable cause is one for the jury only upon sufficient evidence whereby a jury could reasonably conclude that the police officers did not have probable cause to arrest. Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997) (citing Deary v. Three Un-Named Police Officers, 746 F.2d 185, 190 (3d Cir. 1984)). However, while probable cause is generally an issue of fact, the grant of summary judgment is appropriate if no reasonable juror could conclude that the plaintiff's "clearly established rights were violated." Wilson, 212 F.3d at 786 (citing Orsatti, 71 F.3d at 482).

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Estate of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir. 2003) (citing Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir.1995); see also United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002) ("Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested.") (internal citations omitted). As noted by the Third Circuit, a court must evaluate the "totality of the circumstances" in ascertaining whether there is probable cause. Sharrar, 128 F.3d at 818; United States v. Glasser, 750 F.2d 1197, 1206 (3d Cir. 1984). Furthermore, "[a] police officer may be liable for civil damages for an arrest if 'no reasonable competent officer' would conclude that probable cause exists." Wilson v. Russo, 212 F.3d 781, 789 -790 (3d Cir. 2000) (citing Malley v. Briggs, 475 U.S. 335, 341 (1986)).

Turning to the facts contained in the record, it appears that Plaintiff attempted to purchase cigarettes with a credit card bearing the name "George Hopkins." After the card was declined, Officer Castellon was called, and Plaintiff was asked to show identification. Instead, he handed the Officer several other credit cards bearing the name "George Hopkins." At this time, Officer Castellon called one of the credit card companies (Chase) to determine the status of the Chase-issued cards. After being informed that the two Chase-issued credit cards were stolen, Officer Castellon arrested the Plaintiff. The Court finds that his actions in this respect were objectively reasonable. It merits noting that probable cause does not require the officer to investigate every lead or that the officer obtain proof beyond a reasonable doubt. Trabal v. Wells Fargo Armored Serv. Corp., 269 F.3d 243, 251 (3d Cir. 2001). In other words, Officer Castellon was not required to rule out every possible reason why the Plaintiff might have stolen credit cards in his possession. It was both logical and prudent for Officer Castellon to believe that Plaintiff was attempting to use stolen credit cards, since the two out of the four credit cards Plaintiff furnished were reported stolen at that time and Plaintiff never provided identification.

After considering the circumstances surrounding Plaintiff's arrest, the Court finds that no reasonable juror could conclude that Officer Castellon did not have probable cause to arrest the

Plaintiff, or that the Plaintiff's rights were violated.  Furthermore, Plaintiff neither disputes Defendants' account of the incident, nor provides the Court with an alternate version of the facts.  A careful review of the record further convinces this Court that the facts and circumstances within Officer Castellon's knowledge were sufficient in themselves to warrant a reasonable person to believe that an offense had been or was being committed by the Plaintiff.  See Estate of Smith, 318 F.3d at 514.  Since the Court determines that Officer Castellon had probable cause to arrest the Plaintiff, Plaintiff's Fourth Amendment rights were not violated. See Orsatti, 71 F.3d at 482.

**II.     Alleged seizure of the credit cards**

It is well established under the Fourth Amendment that a search conducted without a warrant issued upon probable cause is per se unreasonable, unless it falls within a few recognized exceptions to this rule.  Minnesota v. Dickerson, 508 U.S. 366, 372 (1993).  One such exception is a search that is conducted pursuant to valid consent.  Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973); see also Kerns v. Chalfont-New Britain Tp. Joint Sewage Auth., 263 F.3d 61, 65 (3d Cir. 2001).  "When a State attempts to justify a search on the basis of consent, the State must demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied." Coleman v. New Jersey Div. of Youth and Family Servs., 246 F. Supp. 2d 384, 391 (D.N.J. 2003) (citing Bustamonte, 412 U.S. at 248).  "'Voluntariness is a question of fact to be determined from all the circumstances.'"  Id.  (quoting Bustanmonte, 412 U.S. at 248-49); see also U.S. v. Martinez, 168 F.3d 1043, 1046 (8th Cir. 1999).

Plaintiff alleges that Officer Castellon seized the credit cards in question in violation of his Fourth Amendment right to be free from unreasonable searches and seizures.  The record indicates that Plaintiff handed over the credit cards upon Officer Castellon's request that he show picture identification.  The credit cards were voluntarily surrendered by Plaintiff.  At the time when Officer Castellon asked Plaintiff for identification, he had not been accused of committing any crime.  Furthermore, nothing in the record indicates that Officer Castellon forced or coerced Plaintiff (explicitly or implicitly) to hand over the credit cards.  Plaintiff simply handed the credit cards to the Officer.  The credit cards were not seized or forcibly taken, as Plaintiff suggests.  Accordingly, the Court finds that Plaintiff voluntarily and without coercion (implicit or explicit) surrendered the stolen credit cards to the Officer in response to the Officer's request that he present identification.  Even if this could be characterized as a "seizure" within the meaning of the Fourth Amendment, the record indicates that Plaintiff consented to the "seizure" by voluntarily handing Officer Castellon the stolen credit cards.  Therefore, this Court rejects Plaintiff's claim that Officer Castellon conducted either a search or seizure that violated Plaintiff's Constitutional rights.

### C. Qualified Immunity

The City of Passaic also argues that Plaintiff's Section 1983 claims against Officer Castellon must be dismissed because he is entitled to qualified immunity. Under the qualified immunity doctrine, this Court must first ask whether "the facts alleged, [when] viewed in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right." Curley, 298 F.3d at 277 (citing Saucier v. Katz, 533 U.S. 194 (2001)). If the facts alleged are sufficient to demonstrate a constitutional violation, the court must then determine whether the right asserted was "clearly established" at the time of the officer's allegedly unlawful conduct. Id. Therefore, "[a] court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier, 533 U.S. at 201 (relying on Siegert v. Gilley, 500 U.S. 226, 232 (1991). If the Court determines that no constitutional right would have been violated upon the plaintiff's allegations being established, there is no need for any further inquiry. Id. Thus, having already determined that Plaintiff has not demonstrated a violation of his Fourth Amendment rights, this Court need not decide whether Officer Castellon would be entitled to qualified immunity.

### D. Municipal Immunity

For a municipality to be held liable for damages under § 1983, the plaintiff must demonstrate that the municipality itself has a policy or custom that resulted in a violation of the plaintiff's constitutional rights; a municipality cannot be held liable under a theory of respondeat superior. Monell v. Dep't of Soc. Servs.of N.Y., 436 U.S. 658, 690-91 (1978). As a threshold matter then, Plaintiff must establish that one or more of his constitutional rights have been violated. The Court, having previously established that Plaintiff's Fourth Amendment rights were not violated by his arrest or the alleged seizure of the credit cards, finds that it does not need to reach the merits of the City's municipal immunity argument.

### E. Shop-Rite's Motion for Summary Judgment

Plaintiff asserts a claim against Shop-Rite under 42 U.S.C. § 1983 based on a violation of his Fourth Amendment rights. Specifically, Plaintiff claims that a "Shop-Rite detective in Passaic New Jersey did knowingly and purposely use a[n] electronic communication device to manufacture allegations against the Plaintiff ... under color of law and without probable cause to stop, search and detain plaintiff." (Plaintiff's Complaint, p. 2). Defendant Shop-Rite argues that it was not acting under color of state law, and therefore, Plaintiff's complaint should be dismissed.

As previously discussed by this Court, a section 1983 claim has two essential and requisite elements. One of these elements is "that the conduct [complained of] deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Piecknick, 36 F.3d at 1255-56. This Court previously determined that Plaintiff's rights were not violated, as Officer Castellon had probable cause to arrest him, and Plaintiff voluntarily surrendered the stolen credit cards. Therefore, the Court finds that Plaintiff's Section 1983 claim against Shop-Rite must also fail. Plaintiff has simply failed to show that his Fourth amendment rights were violated either by his arrest, or by the alleged seizure of the stolen credit cards. Without proof of this element, Plaintiff's Section 1983 claim against Shop-Rite necessarily fails.

## **CONCLUSION**

For all of the foregoing reasons, this Court finds that Plaintiff has failed to show that his rights under the Fourth Amendment to the United States Constitution were violated by Shop-Rite, the City of Passaic, or the Passaic Police Department. Viewing the facts of this case in the light most favorable to Plaintiff, the Court determines that there is no genuine issue of material fact and Defendants Shop-Rite Supermarkets, the City of Passaic and the Passaic Police Department are entitled to judgment as a matter of law. Therefore Defendants' motions for summary judgment are **GRANTED**.

It is therefore, on this 15th day of December 2005;

**ORDERED** that Defendant Shop-Rite Supermarket's motion for summary judgment [#31] is granted and Plaintiff's complaint as well as any cross-claims against Shop-Rite Supermarkets are dismissed; and it is further

**ORDERED** that Defendant City of Passaic's motion for summary judgment [#29] is granted and Plaintiff's complaint as well as any cross-claims against the City of Passaic and the Passaic Police Department are dismissed.

/s/ Jose L. Linares
UNITED STATES DISTRICT JUDGE